## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NATASHA BROWN,              ) | |
|                         ) | |
|         Plaintiff,          ) | Case: 1:23-cv-02497 |
|                         ) | |
| v.                          ) | |
|                         ) | |
| WEISS MEMORIAL HOSPITAL,    ) | |
|                         ) | |
|         Defendant.         ) | Jury Trial Demanded |
|                         ) | |

## COMPLAINT

Plaintiff, Natasha Brown ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Weiss Memorial Hospital ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") for Defendant's sexual harassment against Plaintiff and Defendant's retaliation against Plaintiff in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sexual harassment and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff resides in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, is a hospital doing business in and for Cook County, whose address is 4646 N. Marine, Chicago, Illinois 60640.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11.     Plaintiff worked for Defendant as a dietary provider from July 2021 until Defendant terminated Plaintiff in retaliation and on the basis of her sex on or around November 2021.

12.     Since at least September 22, 2021 through November 2021, Defendant subjected Plaintiff to sexual harassment and retaliation for reporting the sexual harassment.

13.     Plaintiff is a female and is a member of a protected class because of her sex.

14.     Very shortly after beginning to work for Defendant, Plaintiff began to be subjected to sexual harassment by her coworker, Haley Brown.

15.     On or about September 22, 2021, Haley Brown, an employee, asked Plaintiff if she have ever had a woman do oral sex on her.

16.     Plaintiff said, "No, and why would you ask me something like that?"

17.     Accordingly, Plaintiff went straight to her supervisor, Alyanna Jones, and told her what Haley said to her.

18.     Supervisor, Alyanna Jones told Plaintiff nothing was wrong with what she asked and such response set the tone of how Defendant handles sexual harassment complaints.

19.     As a result, Haley's sexual harassment conduct was enabled and Haley continued to say sexual vulgar comments and to Plaintiff.

20.     On or about October 7, 2021, Defendant had an event, which Plaintiff did not attend, but Plaintiff's supervisor, Alyanna Jones decided to explain in detail how a doctor and Moe (Director of HR) gave them liquor to drink and that the doctor brushed up against her from behind with his private parts and he also asked her to dance for him.

21.     Supervisor, Alyanna Jones continued to explain how the doctor reached into his pants pocket and pulled out some money, but she told him to put his money away because she would rather get paid $30 an hour at work and to make her own schedule.

22.     This particular conversation was further explanation of how Plaintiff was not able to work in an environment free for sexual banter that was not only inappropriate and offensive but

it impeded Plaintiff's work.

23.     On or about October 12, 2021, Plaintiff went to HR and asked to speak with Moe.

24.     Plaintiff explained what was happening in regard to the sexual harassment and sexual comments that are said on a consistent basis.

25.     Moe agreed that was wrong and he said he believed Plaintiff because she was not at the event where that happened so he acknowledged that Alyanna and Haley were wrong to speak that way to anyone.

26.     He said to go back to work in the dietary center and he would come down and tell Alyanna and Haley that they would be meeting with Corporate.

27.     He did come down to speak to them, but they never had a meeting with Corporate and the retaliation began and harassment continued.

28.     On or about October 31, 2021, Haley was in the office along with the lead of the Dietary Dept. Linda.

29.     Linda asked us to pass trays together and Haley said she would not pass trays with Plaintiff.

30.     Linda said you're going to do it, because we do not want any problems.

31.     We finished passing trays to patients and Haley went into the office.

32.     At this point, we were to do sensors at 2pm, which is where we wait for calls from patients to meet their needs.

33.     No one else had been in the office except Haley, before Plaintiff got there.

34.     Plaintiff soon realized that all the ringers had been turned down so she would not hear the patient calls and get in trouble.

35.     This was purposely done to Plaintiff as retaliation for reporting the sexual

harassment.

36.     The same day Plaintiff started to look for someone else in HR that she could speak to since Moe, Director of HR, had done nothing about her legitimate complaints.

37.     When Moe found out Plaintiff asked for someone else in HR to speak with he came to me and said he was going to have a meeting now with them right then.

38.     Moe still did not take investigate or take any remedial measures.

39.     However, shortly thereafter Plaintiff was terminated in November 2021 on the basis of her engaging in protected activity.

40.     Plaintiff is able to show that she participated in protected activity under Title VII and that Defendant retaliated against by terminating her employment.

41.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

42.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

43.     As a direct and proximate result of the harassment, and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
**Violation of Title VII**
**(Sexual Harassment)**

44.     Plaintiff repeats and re-alleges paragraphs 1- 43 as if fully stated herein.

45.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of

Title VII.

46.     Defendant knew or should have known of the harassment.

47.     The sexual harassment was severe or pervasive.

48.     The sexual harassment was offensive subjectively and objectively.

49.     Plaintiff is a member of a protected class under Title VII, due to her sex, female.

50.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII**
**(Retaliation)**

52.     Plaintiff repeats and re-alleges paragraphs 1- 43 as if fully stated herein.

53.     Plaintiff is a member of a protected class under Title VII.

54.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment in violation of Title VII.

55.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

56.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment.

57.     Defendant also failed to take necessary precautions to prevent further recurrences of the sexual harassment conduct complained of by Plaintiff.

58.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her

reporting the sexual harassment when Defendant terminated her employment.

59.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

60.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Pre-judgment and post-judgment interest;

f.     Injunctive relief;

g.     Liquidated damages;

h.     Punitive damages;

i.     Reasonable attorney's fees and costs; and

j.     For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of April, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**CHAD W. EISENBACK, ESQ.**

IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
E-mail: ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*